CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/25/2025
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
    DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 6:22-CR-00022-006 |
| v. | **MEMORANDUM OPINION** |
| HEATHER ANN MOORE, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant Heather Ann Moore moves to reduce her 48-month sentence on the grounds that she should be released early to care for her minor children and for other extraordinary and compelling reasons. However, the Defendant failed to exhaust her administrative remedies before filing her motion with the Court. Accordingly, her motion is denied.

## I. BACKGROUND

On February 13, 2024, the Court sentenced the Defendant to 48 months incarceration after she pled guilty to conspiring to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(C). Dkts. 176, 281, 284. She is currently incarcerated at FCI Greenville in Illinois with a projected release date of July 20, 2026. *Find an inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed Apr. 25, 2025). Upon release, the Defendant will be on supervised release for three years. Dkts. 281, 284.

The Defendant filed a pro se "compassionate release" motion with the Court on October 9, 2024. Dkt. 348. Her main argument in support of early release is that her partner is unable to adequately care for three of her minor children on his own and that her mother has faced some

1

significant health challenges, including several strokes, such that she is unable to assist the Defendant's partner with caring for the children. *See id*. at 5; Dkt. 348-2 at 1-3. She also states that two of her children have special needs – one has "anxiety, ADHD and trauma related abuse disorder" and another has autism. *Id*. at 1. She also contends that compassionate release is appropriate because she has shown her rehabilitation in a number of ways – for example, she reports that she has been "drug free since January 13, 2023" and has demonstrated good behavior while incarcerated. *Id*. at 3-4. Moreover, she provided "substantial evidence" in the case. *Id*. at 4.

On her pro se compassionate release form, the Defendant stated that she had not submitted a request for compassionate release to the warden of her federal facility because of "personal facts" that she did not want to share with facility personnel. Dkt. 348 at 3. Nevertheless, she submitted a formal compassionate release request to the warden on October 28, 2024. Dkt. 365-1. The warden of FCI Greenville denied her request on November 6, 2024 because she had failed to provide certain documentation for her request. Dkt. 360 at 2. She mailed a copy of the denial letter to the Court, which received and docketed the document on November 25, 2024. *Id*. at 1.

The Government opposes the Defendant's compassionate release motion on several grounds, including her failure to satisfy the administrative exhaustion requirement of 18 U.S.C. § 3583(c)(1)(A). Dkt. 365 at 5-6. The Defendant submitted a reply brief that primarily discusses her family dynamics and why she believes certain individuals could not be caretakers for her children.[1] Dkt. 383.

## II. LEGAL STANDARDS

---

[1] The Defendant states in her reply that third parties mailed her children's medical and school records to the Court in November 2024. Dkt. 383 at 2. The Court has no record of receiving such information.

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception under § 3582(c)(1)(A), known as compassionate release, allows the court, on a defendant's motion, to reduce the term of imprisonment if the "court . . . finds that . . . extraordinary and compelling reasons warrant such a reduction," the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the § 3553(a) sentencing factors merit a reduction. *U.S. v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (citing § 3582(c)(1)(A)).

To make such a motion, the defendant must have first asked the Bureau of Prisons ("BOP") for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Specifically, the petitioner must either (1) have "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the [petitioner's] behalf," or (2) wait "30 days from the receipt of such a request by the warden of the defendant's facility." *Id*. Once 30 days have elapsed following a request, the petitioner has satisfied this threshold requirement, regardless of whether BOP has issued a decision. *See Reed v. United States*, No. 4:96-cr-22-3, 2024 U.S. Dist. LEXIS 111026, at *7 (E.D. Va. June 24, 2024).

### III. DISCUSSION

Here, the Defendant fails to meet the administrative exhaustion requirement because she did not make an initial request to BOP. As her own pro se motion acknowledges, she did not submit a request for compassionate release to BOP before filing her motion with the Court. Dkt. 348 at 3. Indeed, she did not file a formal request with the warden of her facility until *after* filing

3

her motion. Dkt. 360. Although the Defendant contends that she did not initially file her request with the warden because she did not want to disclose certain "personal facts" to the facility, Dkt. 348 at 3, the Government correctly notes that her request to the BOP just a few weeks later contained much of the same information as her motion. Dkt. 365 at 6; Dkt. 365-1 (copy of "Inmate Request for Compassionate Release Consideration" for FCI Greenville, dated October 28, 2024).

The administrative exhaustion requirement is a "non-jurisdictional claim-processing rule" that may be waived if not timely raised by the Government. *United States v. Muhammad*, 16 F.4th 126, 129-30 (4th Cir. 2021). However, when the Government properly raises the issue, the Court must address it. *See United States v. Spencer*, 2022 WL 355775, at *1 (4th Cir. Feb. 7, 2022) (per curiam) (unpublished). Additionally, claim-processing rules must be "rigidly applied when invoked by a litigant." *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017) (quoting *Rice v. Rivera*, 617 F.3d 802, 810 (4th Cir. 2010)). Consistent with these principles, the Court finds that the Defendant failed to comply with 18 U.S.C. § 3582(c)(1)(A)'s administrative exhaustion rule. Because the Defendant does not satisfy this threshold requirement, the Court must deny her motion and cannot address the merits of her arguments.

## CONCLUSION

For the reasons provided above, the Defendant's motion for compassionate release, Dkt. 348, is denied. An accompanying Order will be issued on this date.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to all counsel of record and to the Defendant.

Entered this 25th day of April, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE